UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BURGETT, INC.,

        Plaintiff,

   v.

AMERICAN ZURICH INSURANCE COMPANY,

        Defendant.

No. 2:11-cv-01554-MCE-JFM

MEMORANDUM AND ORDER

This matter arises out of Plaintiff Burgett, Inc.'s ("Plaintiff") motion for partial summary judgment for payment of attorneys' fees plaintiff incurred prior to November 23, 2010, the date plaintiff tendered to Defendant the defense of the underlying action brought against it by Persis International Inc.[1] and Edward F. Richards (collectively, "Persis").

///
///

---

[1] Persis Internationl, Inc. v. Burgett, Inc., 1:09-cv-07451 (N.D. Ill. 2011). Plaintiff attached the relevant complaint in the underlying action to its complaint. (See Pl.'s Compl., ECF No. 1, Ex. 2.)

1

Defendant, American Zurich Insurance, Inc. ("Defendant"), Plaintiff's general liability insurance carrier, opposes the motion.  For the reasons set forth below, Plaintiff's motion is DENIED.

On November 23, 2011, the court issued an order granting Plaintiff's motion for partial summary judgment.  (See Order, ECF No. 22.)  Specifically, the court held that Defendant breached its duty to defend Plaintiff in the underlying Persis action.  (Id. at 22:26-28.)  The court also held that Plaintiff should be "awarded reasonable attorneys' fees for breach of its duty to defend the underlying Persis action."  (Id. at 23:1-2.)

Since the court issued its order, Defendant has paid Zurich $68,388.85 for expenses, fees and prejudgment interest Plaintiff has incurred defending the Persis[2] action.[3]  (Pl.'s Stmt. of Uncontroverted Facts ("UF"), ECF No. 28-4, ¶ 8.)  Defendant, however, refused to pay any fees Plaintiff incurred prior to tendering defense of the Persis action to Defendant.  (Id. ¶ 17.)

Plaintiff filed its motion on March 22, 2012, asking the court to order Defendant to pay Plaintiff for those fees it incurred defending the Persis action prior to tendering defense of that action to Defendant.

---

[2] Plaintiff also asks the court to order Defendant to pay for fees Plaintiff incurred in defending an unrelated action — the "Richards Lawsuit." (Pl.'s Mot. for Summ. J. ["MSJ"], ECF No. 26, at 2:10-4:2.)  The "Richards Lawsuit," however, is not, and never has been, at issue before the court.  To that end, Plaintiff's motion is denied to the extent it seeks fees incurred defending actions other than the Persis action.

[3] Plaintiff conceded that Defendant has reimbursed it for all fees incurred for its post-tender defense of the Persis Action.  (See Pl.'s Reply to Def.'s Opp'n to MSJ ["Reply"], ECF 32 at 12:9-10.)

The sole issue before the court, therefore, is purely a legal question: under California law, is an insurer who previously breached its duty to defend required to pay fees incurred by the insured prior to tendering defense of the underlying action?

Plaintiff's central argument in support of its motion is that, because Defendant originally declined to defend the <u>Persis</u> action, and Plaintiff had to seek a court order to invoke Defendant's duty to defend, the date Plaintiff tendered defense of the <u>Persis</u> action is irrelevant.  More specifically, while Plaintiff concedes that the duty to defend does not arise until tender, Plaintiff asserts that the duty to reimburse is broader and requires a Defendant who has breached its duty to defend to pay all fees incurred by the insured, both pre- and post-tender. According to Plaintiff, "[i]n addition to Zurich's undisputed duty to defend post-tender, there is an additional implied-in-law duty which requires Zurich to reimburse Burgett for its expenses incurred in defending the <u>Persis</u> . . . action[] which predated the date of tender in" the <u>Persis</u> action.  (MSJ at 10:26-11:2.) Plaintiff maintains that "[s]uch rules of law, even when not squarely articulated, are properly deduced from the courts' decisional logic."  (Reply at 2:23-3:1.)

Defendant argues that California case law has long held that "no duty to defend can arise before the insured tenders the defense of the third party lawsuit to the insurer."  (Opp'n to MSJ, ECF 29 at 3:18-19.)  Defendant asserts that "[t]ender of defense is a <u>condition precedent</u> to the insured's right to be indemnified.  Thus, whatever a carrier might do <u>after</u> tender cannot create a duty to reimburse fees incurred <u>prior</u> to tender,

3

1 | since no duty exists until tender." (Id. at 4:1-3.) (Emphasis in
2 | original.)  Therefore, Defendant maintains, it has no duty to
3 | reimburse Plaintiff for fees and costs it incurred prior to
4 | tendering defense of the action.
5 |      The court finds that Plaintiff is only entitled to those
6 | fees it would have incurred had Defendant initially accepted
7 | defense of the Persis action, and thus, Plaintiff's motion should
8 | be denied.  While Plaintiff asks the court to impose an "implied-
9 | in-law" obligation upon Defendant to reimburse fees incurred
10 | prior to tender, Defendant has directed the court to a
11 | significant body of California case law containing express
12 | language stating that there is no duty to defend until the
13 | insured tenders defense of the underlying action.
14 |      Specifically, under California law, "[i]t is well understood
15 | . . . that an insurer's duty does not arise until defense is
16 | tendered by the insured and the known facts point to a potential
17 | for liability under the policy." Valentine v. Membrila Ins.
18 | Services, Inc., 118 Cal. App. 4th 462, 473 (2004).  This axiom
19 | was firmly established by the California Supreme Court in
20 | Montrose Chemical Corp. v. Super. Ct., 6 Cal. 4th 287, 295
21 | (1993), which held that "[t]he defense duty is a continuing one,
22 | arising on tender of defense and lasting until the underlying
23 | lawsuit is concluded."
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

This principle has been consistently reiterated since the holding in <u>Montrose</u>. <u>See</u> <u>Foster-Gardner, Inc. v. National Union Fire Ins. Co.</u>, 18 Cal. 4th 857, 886 (1998) (holding that "the temporal limits of the insurer's duty to defend" lies "between tender of the defense and conclusion of the action."); <u>Buss v. Super. Ct.</u>, 16 Cal. 4th 35, 46 (1997) (duty to defend "arises as soon as tender is made.")  Defendant's duty to reimburse Plaintiff for defense fees, therefore, spans from the date Plaintiff tendered defense of the underlying action, November 3, 2010 (<u>see</u> Pl.'s Compl., ECF 1, Ex 3), to the conclusion of the <u>Persis</u> action.

Plaintiff, conversely, has cited no California law holding that an insurer who declines to accept defense after tender will subsequently be obligated to pay pre-tender expenses if a court finds the insurer did owe a duty to defend.  For example, Plaintiff relies heavily on <u>Jamestown Builders Inc. v. General Star Indemnity Co.</u>, 77 Cal. App. 4th 341 (1999). <u>Jamestown</u>, however, is inapposite. <u>Jamestown</u> involved a "no-voluntary-payment provision[4] to preclude insurance coverage for repair expenses incurred by a home developer." <u>Id.</u> at 343. The primary holding in <u>Jamestown</u> was that where an insured does not tender defense to the insurer, the insurance policy's no voluntary payment provision will release an insurer's obligation to indemnify a Plaintiff for a settlement entered into unilaterally, absent a showing of prejudice. <u>Id.</u> at 350.

---

[4] The court notes that Defendant also argues that the no-voluntary payment provision in its policy with Plaintiff also negates any obligation to pay pre-tender costs.  Because the court finds that, under California law, the duty to Defendant does not arise until tender, and thus, Defendant is not required to pay pre-tender expenses, the court does not reach this issue.

5

1  Plaintiff, however, relies on dicta stating that, where an
2  insurer breaches its duty to defend, a no-voluntary payment
3  provision will not protect the insurer unless it can show that a
4  settlement entered into without its consent "was not reasonable
5  or was the product of fraud or collusion." Id. at 347-348.
6  Jamestown does not, however, create an "implied-in law"
7  obligation upon insurers who originally decline the insured's
8  tender to later reimburse the insured for pre-tender expenses.
9       Plaintiff's inability to cite to any California law directly
10 on point underscores the tenuous nature of its argument.
11 Plaintiff cannot now, post hoc, argue that there is some
12 unstated, yet implied, duty upon insurers to pay fees that it
13 would not have had to pay had it originally accepted tender.
14 Defendant, conversely, has cited to numerous cases supporting its
15 contention that it is not obligated to reimburse Plaintiff for
16 expenses incurred prior to tendering defense of the Persis
17 action. While an insurer is undoubtedly liable for the
18 consequences flowing directly from its breach, it is not liable
19 for costs incurred before it did anything wrong, and was unaware
20 that there was even a claim to defend.
21      For the foregoing reasons, Plaintiff's motion is DENIED in
22 its entirety.
23      IT IS SO ORDERED.
24 Dated: August 6, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6